Moffett, Hodgkins & Clarke Company, Respondent, *v.* Peoria Water Company, Appellant.

| 88  73 |
|---|
| 148a 737 |

*Motion to dismiss an action on the ground of the plaintiff's laches — decision thereof not disturbed — questions that will not be considered before the pleadings are served.*

Where a motion to dismiss an action is predicated upon the *laches* of the plaintiff therein, which the plaintiff endeavors to explain upon the motion, the determination whether such explanation is sufficient rests in the discretion of the court in which the motion is made, and its conclusion will not, ordinarily, be disturbed.

Upon a motion made by the defendant in an action to dismiss the same, the court, until it is in a position to know just what the action is about, and what objections there may be thereto, is under no obligation, where no complaint has been properly served, to determine the questions which properly arise on the pleadings.

APPEAL by the defendant, the Peoria Water Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of October, 1894, granting the defendant's motion to dismiss the action, unless the plaintiff serve a copy of its complaint, and substituting the plaintiff's receivers as parties plaintiff.

*John M. Shedd*, for the appellant.

*Joseph A. Arnold*, for the respondent.

O'BRIEN, J.:

The motion was made by defendant to dismiss the action and the summons herein, which was granted, " unless the plaintiff serve upon the attorney for the defendant a copy of its complaint, substituting the Receivers of the plaintiff as parties," and upon payment of costs, and leave was granted to the receivers to be substituted in the place and stead of the above-named plaintiff.

The appellant insists that the motion should have been granted absolutely and unconditionally because of the *laches* of the receivers of the plaintiff in the prosecution of the action.

It appears that the summons was served on April 6, 1893, and that thereafter the defendant duly served its notice of appearance. By failing properly to serve an order extending the time to serve a complaint the plaintiff was in default, and, notwithstanding such default, served a complaint, which was promptly returned. Between the service of the summons and the time of the default receivers of the plaintiff were appointed in this State, and a receiver of the defendant corporation appointed in the State of Illinois. On the motion, the plaintiff presented an affidavit explaining the *laches*, and asking that if in default such default should be opened, and that the complaint already served, but returned by the defendant, be permitted to stand, or that it should be allowed to serve a new complaint.

The motion to dismiss having been predicated upon the *laches* of the plaintiff, which it endeavored to explain, it was a matter within the discretion of the court to determine whether such explanation was sufficient, and we do not think that the conclusion reached should be disturbed.

This would dispose of the appeal were it not for an objection made by the appellant, whose principal grievance is that, inasmuch as by the affidavit used on this motion it is alleged that at the time of the commencement of the action both plaintiff and defendant were foreign corporations, and that the action itself was not one which under section 1780 of the Code of Civil Procedure is allowable, this consideration, going to the jurisdiction of the court to entertain the action, should have been controlling upon the judge at Special Term in having him dismiss the action absolutely and without conditions.

As the case stood, no complaint was duly served, and all that was properly done in the action was the service of a summons; and upon a motion of this kind, until the court is in a position to know just what the action is about, and what objections there may be thereto, it is under no obligation, in the absence of the pleadings, to determine questions which properly arise thereon. By permitting the substitution of the proper parties plaintiff and the service of a complaint by the receivers, the defendant has lost no rights or defenses. What the court did was to dispose of the question of whether or not the action should be dismissed for *laches*, bringing in the proper parties plaintiff, and directing them to serve their complaint, reserving to the defendant all its rights and defenses, which in a proper way can be presented, when, with the complaint or pleadings before the court, it can dispose in an orderly manner of any questions then raised.

The order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.